## Appeal of Nunziato Rascona

*Leland W. Walker* for appellant.

*Elvin Teitelbaum,* for Pennsylvania Liquor Control Board.

BOOSE, P. J., January 11, 1946.—This is an appeal by Nunziato Rascona from an order of the Pennsylvania Liquor Control Board refusing to transfer his restaurant liquor license from leased premises located at 111 West Union Street, in the Borough of Somerset, to premises owned by him located at 113 East Main Street, in said borough. In compliance with the requirements of the law, this appeal was called for a hearing de novo at the time fixed in the order allowing the appeal, when it was stipulated and agreed by and between counsel for appellant, appellee, and protestants

that the testimony taken before the examiner for the board should be submitted to the court as the record in the case, in lieu of taking the oral testimony of witnesses who were present at the time of the hearing.

From the testimony in the record it appears that the premises owned by appellant, and to which he is asking for a transfer of said license, are situate at 113 on the north side of East Main Street, within a distance of 174 feet from the First Christian Church, located on the same side of said street; and the rear end of said premises is within 78 feet 6 inches of the rear end of the church lot of the Presbyterian Church (including a 12-foot alley separating the two properties) located on the south side of East Union Street. The official bodies of both of said churches took action protesting against the transfer of said license to the proposed new location, because of the close proximity of appellant's premises to said churches. The reasons assigned by the Liquor Control Board for its action in refusing the transfer of said license are:

"1. The premises proposed to be licensed are within 300 feet of the First Christian Church of Somerset, Pa.

"2. Objections have been filed with the board on behalf of the congregation of said church, by reason of the close proximity of the premises proposed to be licensed to the church building."

Section 403 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §§744, 403, provides, inter alia, that:

". . . the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license: . . . Provided, however, that, in the case of any new license or the transfer of any license to a new location, the board may, in its discretion, grant or refuse such new license or transfer if such place, proposed to be licensed, is within three hundred feet of

any church, hospital, charitable institution, school or public playground. . . ."

Section 404 of the act provides, in substance, that any applicant aggrieved by the refusal of the board to transfer a restaurant liquor license may appeal to the court of quarter sessions of the county. The intent and purpose of the law in permitting an appeal from such refusal is not to substitute the judgment of the court for that of the Liquor Control Board. On appeal, the court will not assume the functions of the licensing tribunal, but their supervisory powers are limited to a determination whether the board has acted in an arbitrary or unreasonable manner: In re Appeal of Matz, 35 Luz. 281, or whether the discretion of the the board has been abused: In re Easton Athletic Club License, 27 Northampton 349; Betoff's License, 36 D. & C. 32.

The single question involved in this appeal is this: Did the Liquor Control Board abuse its discretion in refusing to transfer appellant's restaurant liquor license from the present to the new location? If there was no abuse of discretion, the order of the board refusing to transfer said license should be sustained: In re Liquor License of Independent Citizens' Club, 32 Berks 42; In re Appeal of Boyle, 34 Luz. 457; Betoff's License, supra. On the other hand, if there was an abuse of discretion, or the board acted arbitrarily, capriciously, or in an unreasonable manner, the appeal should be sustained and an order issued directing the transfer of said license: In re Liquor License of Strausstown Rod and Gun Club, 32 Berks 45; In re Liquor License of Sterling Athletic Club, 32 Berks 46; Didvalis' License, 36 D. & C. 565; Leon's Appeal, 90 Pitts. L. J. 453. As above observed, the board's reason for refusing the transfer of appellant's license to the premises proposed to be licensed is because of the proximity (within 300 feet) to a protesting church. Gen-

erally speaking, it cannot be said that the refusal to grant a new license or to transfer an existing license where the premises are within 300 feet of a church would constitute an abuse of discretion: Commonwealth v. Stahler, 42 Lack. 15; In re Kulbicas' License, 34 D. & C. 423; Betoff's License, 36 D. & C. 32. If the present appeal was the only instance in Somerset Borough where a liquor license is being sought for premises within 300 feet of a church, we should have no hesitation in concluding that the board did not abuse its discretion in refusing such license. However, there are other factors which must be taken into consideration in the determination of the question here presented. It is a matter of common knowledge, of which we will take judicial notice, that the premises of every licensee in the Borough of Somerset, with possibly one or two exceptions, are located within 300 feet of a church, hospital or other designated place. Appellant's present leased and licensed premises, which he has held for almost four years last past, are within sight of and within 300 feet of several churches. If the Liquor Control Board exercised its sound and wise discretion in granting all these liquor licenses within the restricted distance of churches, hospitals, etc., then the converse must be true, that the board has abused its discretion in refusing to grant a transfer of appellant's restaurant liquor license for the same reason. Under the Liquor Control Act, the board has no broader discretion in the matter of the transfer of a liquor license than is conferred upon it by the act relating to the original grant of such a license: Larkin's License, 35 D. & C. 684; Popp's License, 41 D. & C. 500; Appeal of Gentile, 43 D. & C. 53; Leon's Appeal, 90 Pitts. L. J. 453.

The Liquor Control Act should be administered and enforced fairly, impartially, uniformly and without unjust and unreasonable discrimination. We do not

think or believe that the Liquor Control Board intended to act arbitrarily or in abuse of its discretion in refusing to transfer the appellant's license to a new location in his own premises, but the effect and result of the board's action is unjust and unreasonable discrimination; and, therefore, an abuse of discretion. Unjust discrimination is different treatment of persons of the same class, under like or similar conditions: Words and Phrases, Vol. 43, page 270. Either all licenses for premises within 300 feet of churches, etc., should be granted or refused. They should not be granted to some persons and refused to others. There should be equal rights to all or special privileges to none. While the Liquor Control Board may in its discretion, grant or refuse a new license or transfer of an old license, if the place proposed to be licensed is within 300 feet of any church, hospital, charitable institution, school, or public playground, its action in this respect should be uniform; if it grants any license within such an area, every application for a license within that area, which complies with the law and the regulations of the board in other respects, should be granted: Didvalis' License, 36 D. & C. 565. There should be no discrimination; the law should be administered impartially. The granting of licenses to one class of licensees, and refusing them to others of the same class, is a plain abuse of discretion.

Personally, we regret the conclusion that must be reached in this appeal. We have the highest regard and respect for those who honestly, conscientiously, and sincerely oppose the granting of a liquor license for premises in close proximity to a church. But if this privilege is to be granted to some licensees, then it should be granted to all; otherwise, it leads to unfair, unjust and unreasonable discrimination in the administration of the law.

*Order*

Now, January 11, 1946, the appeal is sustained, the order of the Pennsylvania Liquor Control Board refusing to transfer appellant's restaurant liquor license is reversed, and it is directed that the transfer of said license be issued as applied for.